IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DARRELL WHITE,

        Plaintiff,

   vs.                             Civil Action 2:11-cv-153
                                     Judge Sargus
KEVIN STOTTS, *et al.*,            Magistrate Judge King

        Defendants.

## OPINION AND ORDER

Plaintiff, a state inmate proceeding without the assistance of counsel, alleges that defendants violated his rights under the United States Constitution and various federal statutes.  In a *Report and Recommendation* issued December 6, 2011, the United States Magistrate Judge recommended that: (1) *Defendant Fifth Third Bank's Motion to Dismiss*, Doc. No. 41, and *Federal Deposit Insurance Corporation's Motion to Dismiss*, Doc. No. 47, be granted; (2) *Plaintiff Darrell White Motion Not to Dismiss*, Doc. No. 44, and plaintiff's *Instanter Motion Not to Dismiss for Failure to State a Claim*, Doc. No. 51, be denied; and (3) plaintiff's *Motion for Clerk of Court to Enter a Default Judgement (Again)*, Doc. No. 49, and plaintiff's *Motion for Default Judgment*, Doc. No. 50, be denied.  *Report and Recommendation*, Doc. No. 57.  This matter is now before the Court on plaintiff's objections, Doc. No. 60, to that *Report and Recommendation*, which the Court will consider *de novo*.  28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

In recommending that plaintiff's claims against Fifth Third Bank ("the Bank") be dismissed, the Magistrate Judge noted that plaintiff had previously initiated a separate action against the Bank, *Darrell White v. Fifth Third Bank, Inc.*, Case No. 09CVH06-8546, in the Court of Common Pleas for Franklin County, Ohio ("the state court action"). The *Amended Complaint*, Doc. No. 29, in this case takes issue with decisions of the Franklin County Court of Common Pleas, alleging that plaintiff's constitutional rights had been violated in connection with those state court proceedings.  The Magistrate Judge concluded that, under the *Rooker-Feldman* doctrine,[1] this Court lacks jurisdiction to review the decision of the Franklin County Court of Common Pleas (or of the Ohio Tenth District Court of Appeals) to the extent that plaintiff's claims reflect attacks by him on the state court judgments.  *Report and Recommendation*, pp. 5-6.  Nothing in plaintiff's objections persuades the Court that this conclusion was in error.

The Magistrate Judge also recommended that the doctrine of *res judicata* bars plaintiff's claims against the Bank.  *Id.* at pp. 6-9.  Generally objecting to "using a state action in state court as a cause of action in federal court," Doc. No. 60, p. 6, plaintiff offers no reason why *res judicata* does not bar his current claims against the Bank.

---

[1]The doctrine takes its name from two United States Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Similarly, the Court agrees with the Magistrate Judge's conclusion that plaintiff's *Amended Complaint* fails to state a claim against the Bank because his threadbare recitals of the elements of various causes of action are insufficient to survive a motion to dismiss. *Report and Recommendation*, pp. 9-10. Plaintiff's objections, which do not provide additional factual allegations or otherwise point to specific allegations contained within his voluminous *Amended Complaint* to support his claims, do not militate a different result.

In recommending that plaintiff's claims against defendant Federal Deposit Insurance Corporation ("FDIC") be dismissed, the Magistrate Judge first noted that plaintiff has not established that the FDIC can be held responsible in connection with claims relating to deposits at the Bank. *Report and Recommendation*, pp. 10-11. In addition, when – in opposing the FDIC's motion to dismiss – plaintiff attempted to raise new claims, the Magistrate Judge had full authority to reject plaintiff's belated and improper attempt to further amend the *Amended Complaint*. Nothing in plaintiff's conclusory objections persuades this Court that the claims newly raised in opposition to the FDIC's motion to dismiss would survive the motion to dismiss.

The Magistrate Judge also recommended that plaintiff's motions for default judgment against defendant Kevin Stotts and Busy B Realty Co. be denied because the Amended Complaint fails to state a claim against these defendants. *Report and Recommendation*, pp. 13-15. Plaintiff's unsupported assertion that "default should of been granted," Doc. No. 60, p. 5, does not persuade this Court that the

3

Magistrate Judge's recommendation was in error.

Plaintiff complains that the *Report and Recommendation* failed to adjudicate all of the "constitutional question's [sic], and all # claim's separate with clarification and distinction with separately findings of fact's [sic] and conclusion [sic] of law[.]" Doc. No. 60, p. 8. However, plaintiff fails to identify what alleged constitutional questions and claims the *Report and Recommendation* failed to address. Under these circumstances, the Court does not agree that the Magistrate Judge overlooked issues or claims previously, and clearly, raised by plaintiff.

Plaintiff also contends throughout his objections that the Court and/or the Magistrate Judge in particular are/is biased against him. *See*, *e.g.*, Doc. No. 60, pp. 1, 3-8, 10. Plaintiff's unsupported allegations are without merit.

Finally, plaintiff complains for the first time that he was "denied counsel pursuant to the constitution guarantee a right to counsel (plaintiff is a military veteran)." Doc. No. 60, p. 9. However, even if this were not plaintiff's first request that counsel be appointed for him, the "[a]ppointment of counsel in a civil case is not a constitutional right." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (internal citations and quotation marks omitted). Plaintiff cites to no authority establishing that there is an exception for litigants who are military veterans.

Having carefully reviewed the *Report and Recommendation* and plaintiff's objections, the Court therefore finds the objections to the *Report and Recommendation*, Doc. No. 60, without merit and they are

4

therefore **DENIED**.   The *Report and Recommendation* is hereby **ADOPTED** and **AFFIRMED**.   This action is **DISMISSED**. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.


1-4-2012
_____
Date

_____
Edmund A. Sargus, Jr.
United States District Judge